CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 27, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **THOMAS HENRY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26cv00121** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WISE CO. COURTHOUSE, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff Thomas Henry, a Virginia pretrial detainee proceeding *pro se*, has filed a Complaint under 42 U.S.C. § 1983, alleging irregularities in paperwork and court records in Case Number CR 20-314 in Wise County Circuit Court.  He has named the following defendants: Wise County Courthouse, Judge Tammy S. McElyea, Officer Paul Johnson of the Pound Police Department, and Commonwealth's Attorney Brett Hall.  Upon preliminary review of this matter as required by 28 U.S.C. § 1915A, for the reasons stated below, I must dismiss this case for failing to state a claim for which relief may be granted and for seeking monetary recovery from parties who are immune from suit.

Section 1983 provides a cause of action against a person who, acting under color of state law, violates the rights of another under the United States Constitution or federal law.  42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Henry alleges that the court records show court dates of February 3, April 16, July 16, July 23, July 28, and August 12, 2021, on which day a *nolle prosequi*[1] order was entered in the case.  Henry denies being arrested on July 27, 2020, and denies that he was aware of or present on those court dates.  Rather, he states that he was on an extradition bond from July 10, 2020, until August 19, 2020, when he turned

---

[1] The Latin phrase "nolle prosequi" refers to the Commonwealth's decision to drop charges, without prejudice to its right to refile those charges later.

himself in for extradition to Tennessee to answer charges of drunk driving (second offense) and failure to appear. He remained in custody in Tennessee thereafter and did not return to custody in Virginia until his arrest on April 3, 2025.

The sheet from Virginia's online case management system, attached to Henry's complaint, shows that he was granted bond on February 3, 2021. The remaining 2021 dates reflected "continuance" until August 12, 2021, the *nolle prosequi* order was entered. Contrary to Henry's interpretation of this, other than February 3 when he was granted bond, the case details sheet does not indicate whether plaintiff was present in court or in custody at the jail. It merely reflects that his case was continued, for one reason or another. One possible reason could be that he was in custody in Tennessee. Being in custody elsewhere might also be the reason the order of *nolle prosequi* was entered.

Possible interpretations of Henry's allegations range from a completely innocent misunderstanding of the case details report to a clerical error in the online case management system. None of these interpretations rise to a violation of federal law, much less a constitutional violation. Therefore, his allegations fail to state a claim for which relief may be granted, even if the named defendants were properly sued. Most of the defendants are not proper defendants to a § 1983 suit.

"A courthouse is not a 'person' subject to suit under § 1983." *Elmore v. Mecklenburg County Courthouse*, No. 3:23-cv-00036-MR, 2023 WL 5539023, at *2 (W.D. N.C. Aug. 28, 2023); *cf. McCoy v. Chesapeake Corr. Ctr.,* 788 F. Supp. 890, 893–94) (E.D. Va. 1992) (holding that a jail, which is a building, is not a person subject to suit under § 1983). Wise County Courthouse is not a proper defendant.

2

The Judge is not a proper defendant because she has absolute immunity for actions taken in her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The Commonwealth's Attorney, a prosecutor, has absolute immunity from any suit for damages arising from activities intimately associated with the judicial phase of the criminal process. Such activities include seeking an indictment, requesting an order of *nolle prosequi*, and deciding to seek a later indictment.

The only defendant named in this suit that could be subject to a suit under § 1983 is Officer Paul Johnson. The only action allegedly taken by Johnson personally was that he signed the order of *nolle prosequi* along with the Commonwealth Attorney. That is not a violation of law or the Constitution and does not state a claim. Henry's alleged facts fail to state a claim against Johnson or anyone else.

Because Henry fails to state a claim upon which relief can be granted and he seeks monetary recovery from immune defendants, this action is **DISMISSED WITH PREJUDICE**. A separate order will follow.

Enter:  April 24, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge

3